Martin, J.
delivered the opinion of the court. The plaintiff claims two negroes in the possession of the defendants. He obtained judgment, and they appealed.
Both parties admit the slaves to have been the property of John Thompson, and claim them under him.
The plaintiff shows, that on the 20th of Jan. 1816, Bell obtained a judgment against John Thompson, which was recorded in the office of the parish judge on the 14th of February following; and on the 5th of January, 1821, an execution issued, and was afterwards levied on the two slaves, who are the subjects of the present suit. They were purchased by *251 Bell at the sheriff’s sale, and from Bell by the present plaintiff, on the 11th of May following.
West'n District.
August, 1822.
John Thompson deposed, he remained in possession of these two slaves till they were seized on the above execution. The present plaintiff having brought slaves to sell into this state, he ordinarily leaves them with the witness, and permits him to work them. When, he left the state last summer, he forbid the negroes being sold till his return, and told the witness, he might have them for what they cost.
Scott deposed, both the defendants told him they took possession of the negroes about the 21st of July, 1821. They sent him for them to John Thompson, who had them in possession and delivered them. He believes this was on the aforesaid day.
It was admitted that the plaintiff paid Bell the consideration money, as stated in the bill of sale, and that the slaves are in the possession of the defendants.
They claim these slaves under an instrument of writing, which they contend is a bill of sale, and which bears date of the 20th of October, 1820.
The counsel for the defendant urges, that *252 the judgment appealed from is void, because it was not signed on the third day after it was pronounced, but several days after. 2 Mart. Digest, 164.
We are of opinion, that the object of the legislature, in the section quoted, was to afford to the party against whom a judgment is pronounced, a delay of three days, to state his objections thereto; and for this purpose, prohibited the judge to give effect to it by his signature, till the expiration of that delay. It did not intend to require the judge’s signature on that day.
It is further urged, that the sheriff’s return on the execution ought to have shown that no personal property was found; otherwise the presumption is, that personal property existed, and the seizure of slaves was illegal. Martin's Digest. Loco citato.
We know not any law, requiring that the sheriff’s return should state this circumstance. The direction to that officer to seize personal property before slaves is, no doubt, intended for the benefit of the debtor; that species of property being more generally divisible and saleable. We do not mean, however, to say, that as the disposal of real property is often *253 attended with considerable delay, the plaintiff may not insist also to have the benefit of the law in this respect; but, when neither he nor the defendants complain, we are clear in the opinion, that the objection cannot be made by any other person.
Bell acquired John Thompson’s title to the slaves, by the seizure and sale made by the sheriff, under the execution,—Civil Code, 490, art. 1, and he conveyed them to the present plaintiff, by a notarial act, in which they are stated to have been sold and delivered.
The only question seems then to be: Had John Thompson the property of these slaves, at the time of the seizure? The defendants contend he had not, having transferred it to them. They offer no evidence of this, except in the document, which they call a bill of sale, and the plaintiff a mortgage.
As this case may be disposed of, without fixing the character of this instrument, by considering it in the light in which the defendants place it before us, we will do so.
A sale of these slaves gave the defendants the right of demanding the tradition or delivery of them. This delivery, alone, would vest the property in the defendants. This has *254 been frequently determined in this court: for the first time, in the case of Durnford vs. Brooke’s Syndics, 3 Martin. 222, 264: and since, in those of Norris vs. Munford, 4 id. 20. Ramsey vs. Stephenson, 5 id. 23. Fiske vs. Chandler, id. 24, and Randal vs. Moore, 9 id. 403.
It appears that, after the alleged sale, the defendants permitted the slaves to remain in the possession of John Thompson, till they were seized by the sheriff to satisfy a judgment obtained against him by one of his creditors.
No actual delivery took place; the deed does not state that the slaves were delivered, nor were they in the possession of the defendants before. Civil Code, 350. art. 28.
It is impossible to distinguish this case from that of Pierce vs. Curtis & al. 6 Martin. 418. See also that of Copelly vs. Duverge, 11 Martin, 674.
Lastly, the defendant says, that the district judge erred in allowing costs, as they were not prayed for in the petition. We are of opinion, that they may be given on a prayer for general relief, admitting that a demand of them be necessary.
It is therefore ordered, adjudged and de *255 creed, that the judgment be affirmed with costs.
Brownson for the plaintiff, Cuvillier for the defendants.